## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE GAGLIARDI on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND FITNESS SOUTH, INC. d/b/a PLANET FITNESS,<br><br>Defendant. | No.:<br><br>**NOTICE OF REMOVAL** |

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendant, New England Fitness South, Inc. d/b/a Planet Fitness ("Planet Fitness"), by and through its attorneys, Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., hereby removes this matter to this Court from the Superior Court of New Jersey, Law Division, Civil Part, Burlington County, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441 and 1446. In support of removal, Planet Fitness avers as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. Plaintiff, Marie Gagliardi ("Ms. Gagliardi" or "Plaintiff") alleges in her complaint that she resides in Willingboro, New Jersey. Ms. Gagliardi is represented by Locks Law Firm, LLC, 801 N. Kings Highway, Cherry Hill, NJ 08034 and by the Law Offices of Charles N. Riley, LLC, 900 N. Kings Highway, Suite 308, Cherry Hill, NJ 08034;

   b. Planet Fitness is a corporation organized under the laws of the State of Delaware and with its principal place of business located at 5 Industrial Dr., Windham, NH 03087. Planet Fitness is represented by the undersigned attorney at Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., 1818 Market Street, Philadelphia, PA 19103.

2. Plaintiff initiated this action by complaint filed with the Superior Court of New Jersey, Law Division, Civil Part, on December 7, 2017. A copy of Plaintiff's complaint is attached as **Exhibit A**.

3. Planet Fitness was never properly served with a copy of the complaint per R. 4:4-4. Instead, the complaint was delivered to its Delran facility located at 1341 S Fairview St, Delran, NJ 08075 on December 28, 2017. *See* 28 U.S.C. § 1446(a).

4. Even if plaintiff properly effected service on the date the complaint was delivered to the Delran facility, the within Notice of Removal is filed within 30 days of December 28, 2017 and is therefore timely filed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

5. According to her complaint, Plaintiff entered into a contract with Planet Fitness on September 13, 2017 ("Membership Agreement"). *See* Compl. at ¶4.

6. Plaintiff alleges in her complaint that the Membership Agreement violates the New Jersey Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18, in several respects.

7. First, Plaintiff claims the Membership Agreement violates the TCCWNA by "disclaiming liability for personal injuries suffered by consumers in non-exercise related activities as a result of [Planet Fitness's] own negligence." *See* Compl. at ¶42.

8. Second, Plaintiff claims that the Membership Agreement violates the TCCWNA by "disclaiming liability for personal injuries suffered by consumers using 'exercise equipment, tanning, massage beds/chairs, and participation in…exercise programs or use of other services, equipment and/or programs' as a result of [Planet Fitness's] gross negligence, recklessness or intentional conduct." *See* Compl. at ¶43.

9. Finally, Plaintiff claims that the Membership Agreement violates the TCCWNA because it "purport[s] to waive the rights of consumers' spouses or domestic partners, guests, unborn children, heirs and/or relatives to bring claims for damages arising out of [Planet Fitness's] negligence." *See* Compl. at ¶44.

10. Plaintiff seeks certification of a class defined as: "All persons who, at any time on or after January 1, 2015, entered into a Membership Agreement with Defendant for health club services in New

Jersey with a "RELEASE OF LIABILITY INDEMNIFICATION ASSUMPTION OF RISK" clause identical to the Membership Agreement signed by Plaintiff." *See* Compl. at ¶21.

11. While disputing all of the allegations of Plaintiffs' complaint, under the facts as alleged, the within action is a "class action" as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because it is a "class action" in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000'").

13. Grounds for removal "should be made in a short plain statement, just as required of pleadings under Fed. R. Civ. P. 8(a)." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015). "No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)).

## THE PROPOSED CLASS HAS MORE THAN 100 MEMBERS

14. Plaintiff alleges that "the Class for those whose benefit this action has been brought is so numerous that joinder of all members is impracticable." *See* Compl. at ¶22.

15. The estimated size of the proposed class is approximately 68,190, well in excess of the 100 person minimum set forth at 8 U.S.C. § 1332(d)(5)(B). *See* Declaration of Jamie Lanese at ¶ 3.

16. Of that total, 7,688 members joined Planet Fitness's Delran facility, which used only one form of Membership Agreement since opening. *See* Declaration of Jamie Lanese at ¶ 5.

17. The form of Membership Agreement utilized by the Delran facility contains an exculpatory clause identical to the clause contained in the Membership Agreement signed by plaintiff. *See* Declaration of Jamie Lanese at ¶ 6.

3

18. A substantial portion of the remaining 60,502 Membership Agreements entered into by members during the proposed class period similarly contained the contract language at issue in plaintiff's complaint. *See* Declaration of Jamie Lanese at ¶ 8.

## THE PARTIES ARE MINIMALLY DIVERSE

19. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A).

20. Plaintiff alleges in her complaint that she resides in Willingboro, NJ. *See* Compl. at ¶2.

21. Plaintiff also alleges that she seeks to represent a class of persons having entered into contracts for "health club services in New Jersey." *See* Compl. at ¶21.

22. Nearly all of the members of the proposed class reside in New Jersey. See, Declaration of Jamie Lanese at ¶ 9.

23. Pursuant to 28 U.S.C. § 1332(c), a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

24. Planet Fitness is a Delaware domestic corporation. *See* Declaration of Jamie Lanese at ¶ 10.

25. Planet Fitness's principal place of business is in New Hampshire, where its officers direct, control and coordinate all of Planet Fitness's activities at its clubs and all administrative functions with regard to operation of those clubs. *See* Declaration of Jamie Lanese at ¶ 11.

26. Because Plaintiff is a citizen of New Jersey, as are substantially all the proposed members of the class, and Planet Fitness is a citizen of another state, CAFA's minimal diversity requirement is met. *See* 28 U.S.C. § 1332(d)(2)(4).

## THE AMOUNT IN CONTROVERSY IS IN EXCESS OF $5,000,000

27. The "language of CAFA favors federal jurisdiction over class actions" and "[f]or that reason (and unlike non-CAFA removal situations), 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'"

4

*Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 592 n.9 (D.N.J. 2016) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014))

28. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

29. Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d)(6).

30. In her complaint, Plaintiff seeks a monetary payment of "not less than $100 for each violation of TCCWNA." *See* Compl. at ¶ 27b.

31. Under the TCCWNA:

> Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him.

N.J.S.A. 56:12-17.

32. As plaintiff seeks not less than $100 for *each* violation contained in the Membership Agreement, of which plaintiff alleges there are three, plaintiff seeks no less than $300 per class member.

33. Thus, Plaintiff, on behalf of herself and a proposed class, seeks statutory damages, actual damages, and attorneys' fees regarding each of the 68,190 Membership Agreements noted above. *See* Compl. at ¶¶ 42-44.

34. Because plaintiff alleges three TCCWNA violations in her complaint, on behalf of herself and a proposed class, plaintiff demands $20,457,000 in statutory TCCWNA damages alone (a minimum of $300 for each of the 68,190 class members). *See Walsh v. Defs. Inc*, 16-CV-0753, 2016 WL 6775706, at *3 (D.N.J. July 15, 2016), report and recommendation adopted sub nom; *Walsh v. Defs., Inc.*, 16-CV-0753, 2016 WL 6775634 (D.N.J. Nov. 15, 2016) (aggregating TCCWNA statutory damages for 3,567

potential class members, stating "Defendants initially calculated $356,700 in statutory penalties under TCCWNA yet this original estimate conservatively limited itself to just one violation. Since the Amended Complaint alleges *seven* TCCWNA violations, the potential total in statutory damages amounts to $2,496,000.") (internal quotations omitted, emphasis in original).

35. The damages sought for members who joined the Delran facility alone amounts to $2,306,400.

36. In addition to statutory damages, Plaintiff also seeks an award of attorneys' fees. *See* Compl. at ¶ 46. "An award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015). "[C]ourts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Id.* (collecting cases, and estimating attorneys' fees in CAFA analysis as 30% of potential judgment).

37. Thus, upon an award of statutory damages in the amount of $20,457,000, an award of attorneys' fees in the amount of $6,137,100 would be anticipated, not taking into consideration the amount in controversy with regard to Plaintiff's demand for actual damages (*See* Compl. at ¶ 46) and for injunctive relief (*See* Compl. at ¶¶ 47-48).

38. Accordingly, the amount in controversy is conservatively estimated at **$26,594,100,** well in excess of $5,000,000.

39. Once again just focusing on the Delran facility, an award of attorneys' fees relating solely to those members would amount to $691,920. Together with statutory damages, the total damages sought as to that facility alone would amount to $3,018,320.

40. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). This analysis satisfies the requirement that Planet Fitness include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in this Notice, without the need to include evidentiary submissions at this stage. *Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135

6

S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); *see also Grace v. T.G.I. Fridays, Inc.*, 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (discussing *Dart*).

## REMOVAL IS TIMELY

41. Plaintiff improperly served her complaint on Planet Fitness on December 28, 2017. Even assuming this was when service was effective, this Notice of Removal is filed within 30 days of December 28, 2017, and is timely under 28 U.S.C. § 1446(b)(1).

## VENUE IS PROPER

42. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Action is pending.

## NOTICE WILL BE PROVIDED

43. Planet Fitness will promptly file a Notice of Removal with the Clerk of the Superior Court of New Jersey, Burlington County – Law Division as required by 28 U.S.C. § 1446(d).

44. Planet Fitness will also promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

45. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

   a. Plaintiff's complaint (**Exhibit A**);

   b. State Court Track Assignment Notice (**Exhibit B**);

   c. A copy of the letter notifying the Clerk of the New Jersey Superior Court, Burlington County, Law Division, of removal from state court (**Exhibit C**).

**WHEREFORE**, Defendant, New England Fitness South d/b/a Planet Fitness hereby effectuates and gives notice of removal of this cause to the United States District Court for the District of New Jersey

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: January 29, 2018 Respectfully submitted,

By: *[signature]*
Noah A. Schwartz
naschwartz@zarwin.com
ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: 215.569.2800
Fax: 267.765.9638
*Attorney for Defendant,*
*New England Fitness South d/b/a Planet Fitness*