# EXHIBIT A

**LOCKS LAW FIRM, LLC**
By: Michael A. Galpern, Esquire (Attorney No.: 029031988)
      Andrew P. Bell, Esquire (Attorney No.: 025052010)
      James A. Barry, Esquire (Attorney No.: 027512008)
801 N. Kings Highway
Cherry Hill, NJ 08034
(856)663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire (Attorney No.: 003711973)
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

jbarry@lockslaw.com/abell@lockslaw.com/mgalpern@lockslaw.com
criley@rileysandilos.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| **MARIE GAGLIARDI on behalf of herself and other persons similarly situated,**<br><br>**Plaintiffs**<br><br>**v.**<br>**NEW ENGLAND FITNESS SOUTH, INC. d/b/a PLANET FITNESS**<br>**Defendant.** | SUPERIOR COURT OF NEW JER'SEY LAW DIVISION: BURLINGTON COUNTY<br><br>DOCKET NO.: BURL-L-<br><br>Civil Action<br><br>**CLASS-ACTION COMPLAINT, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR JURY TRIAL, AND DEMAND FOR DOCUMENTS** |

Plaintiff, Marie Gagliardi, by way of Complaint on behalf of herself and others similarly situated, individually and as a class representative, upon information and belief, except for the allegations concerning Plaintiff's own actions, says as follows:

## INTRODUCTION

1.      This is a class-action Complaint brought by Plaintiff, Marie Gagliardi ("Plaintiff") on her own behalf and on behalf of all others similarly situated against Defendant

1

New England Fitness South d/b/a Planet Fitness (hereafter "Planet Fitness"), to obtain declaratory, injunctive and monetary relief for a class of consumers (defined herein) victimized by the unlawful business practices of Defendant Planet Fitness, in violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-14, *et seq.* ("TCCWNA").

## PARTIES

2. Plaintiff resides in Willingboro, New Jersey.

3. Defendant Planet Fitness regularly transacts business in Burlington County New Jersey through the operation of a fitness facility located at Route 130 in Delran, New Jersey.

## FACTUAL ALLEGATIONS

4. At all times relevant herein, Defendant Planet Fitness is a retail seller of health club services at several locations in New Jersey.

5. On September 13, 2017 at Defendant Planet Fitness' fitness facility in Delran, New Jersey, Defendant Planet Fitness displayed, offered to and entered into with Plaintiff a one-page, double-sided **"MEMBERSHIP AGREEMENT"** (hereinafter the "Agreement"), The Agreement, with personal identifiers redacted for Plaintiff, is attached hereto as **Exhibit A**.

6. The Agreement provided that Plaintiff's membership with Defendant started on September 13, 2017, with a "Billing Date" on or about the 17th of each month, at a monthly rate of $10.69 plus applicable taxes and was to run for a minimum term of 12 months therefrom and then to continue on a month-to-month basis. *See* Agreement, 1st bullet point.

7. The fifth bullet point of the Agreement provided that the Plaintiff pay an annual membership fee of $41.68 plus tax on or about November 1, 2017 and each anniversary date thereafter.

2

8. The Payment Authorization section permits the Defendant to debit the bank account of Plaintiff, Marie Gagliardi, for the monthly payment.

9. The first paragraph of the section titled RELEASE OF LIABILTY INDEMNIFICATION ASSUMPTION OF RISK provides, in part, that:

> "I understand and expressly agree that my use of this Planet Fitness facility involves the risk of injury to me or my guest whether caused by me or not. I understand that these risks are inherent in physical activity and my use of the facilities and can range from minor injuries to major injuries, including death. In consideration of my participation in the activities and the use of the facilities, exercise equipment and services offered by Planet Fitness and such use by my guests, if applicable, **I understand and voluntarily accept full responsibility on my behalf and on my guest's behalf for the risk of injury or loss arising out of or related to my use and my guest's use of the facilities including, without limitation, exercise equipment, tanning, massage beds/chairs, and participation in PE@PF® or other exercise programs or use of other services, equipment and/or programs offered to the members. I further agree that New England Fitness South, Inc., d/b/a Planet Fitness ("PlanetFitness") (an independently owned and operated franchise of Pla-Fit Franchise LLC), their respective affiliated companies, parents, subsidiaries and the officers, directors, shareholders, employees, managers, members, agents, and independent contractors of such entities will not be liable for any injury including, without limitation, personal, bodily, or mental injury, disability, death, economic loss or any damages to me, my spouse or domestic partner, guests, unborn child, heirs or relatives resulting from the negligent conduct or omission of Planet Fitness, PF Corporate, or anyone acting on their behalf, whether related to exercise or not.**[Emphasis added.]

10. On September 17, 2017, Plaintiff paid Defendant $10.69, including sales tax, and on the 17th day of each month thereafter and on November 1, 2017, Defendant charged Plaintiff, and Plaintiff paid the Annual Membership fee of $41.68 plus tax set forth in the Membership Agreement.

11. Plaintiff continues to be charged by Defendant for monthly dues, plus sales tax.

3

12.     On or about September 25, 2017 Plaintiff cancelled the dispute resolution paragraph 3(J) of the Membership Agreement by personally delivering a written cancellation notice, Exhibit B, to the Defendant's facility manager, Alyssa Braciszewski, and Marie Gagliardi explained to Ms. Braciszewski that Plaintiff wished to cancel this provision in accordance with the Agreement. (A copy of the cancellation notice is attached hereto as **Exhibit B**)

13.     Ms. Braciszewski refused to sign a receipt acknowledging receipt of the cancellation notice.

14.     However, Ms. Braciszewski, scanned the cancellation notice into Defendant's system, represented that she was sending it to Defendant's corporate office and represented that she was calling, in Plaintiff's presence, the Defendant's corporate office to notify them of the delivery of the cancellation notice to the Defendant's facility.

15.     On October 5, 2017, Plaintiff was injured while using the treadmill at Defendant's Delran facility.

16.     Since at least 2015, Defendant Planet Fitness, through their employees and/or agents, offered a Membership Agreement with terms identical to the above-quoted Release of Liability terms in transactions with at least 100 other New Jersey consumers at its facility locations in New Jersey.

17.     Defendant has known since 2014, if not earlier, that consumers such as Plaintiff Marie Gagliardi and other persons similarly situated have a non-waivable clearly established legal right under New Jersey law to bring a personal injury suit against Defendant for personal injuries arising from Defendant's negligence when such injuries are suffered in non-exercise activities.

4

18.     Furthermore, Defendant is aware that under New Jersey law, consumers do not have the right to waive claims for damages suffered by their **spouse or domestic partner, guests, unborn child, heirs or relatives.**

19.     Finally, Defendant is aware that under New Jersey law, consumers have a non-waivable clearly established legal right to sue for personal injuries suffered as a result of a business' gross negligence, reckless and/or intentional conduct, regardless of whether those injuries are suffered in exercise related activities.

20.     In spite of the aforesaid knowledge, the conduct of the Defendants described herein, and the actions of the Defendants in dealing with Plaintiffs and members of the Class is part of a fraudulent and unconscionable scheme to mislead, deter and prevent consumers such as Plaintiffs from pursuing any remedies against the Defendant for personal injuries that result from the negligence, omissions, gross negligence or intentional conduct of Defendant at the Defendant's facilities.

## CLASS ACTION ALLEGATIONS

21.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiffs bring this action on behalf of herself and all others similarly situated.  Plaintiffs seeks certification of a Class, initially defined as follows:

> **All persons who, at any time on or after January 1, 2015, entered into a Membership Agreement with Defendant for health club services in New Jersey with a "RELEASE OF LIABILITY INDEMNIFICATION ASSUMPTION OF RISK" clause identical to the Membership Agreement signed by Plaintiff.**

22.     The Class for those whose benefit this action has been brought is so numerous that joinder of all members is impracticable.

5

23.    Plaintiff's claims are typical of the claims of the members of the Class since all such claims arise out of terms appearing on Defendants' standard form Membership Agreement and conduct that violate New Jersey law.

24.    Plaintiff does not have interests antagonistic to the interests of the Class.

25.    The Class of which Plaintiff is a member is readily identifiable.

26.    Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

27.    There are common questions of law and fact effecting the rights of all class members, including the following:

a.    Whether Defendant used a standard form Membership Agreement that contains terms which violate the TCCWNA;

b.    Whether Plaintiff and the members of the Class are entitled to statutory damages of not less than $100 for each violation of TCCWNA;

c.    Whether the class is entitled to a class-wide injunction barring Defendant from asserting or attempting to enforce the aforesaid illegal provisions in its contract; and

d.    Whether the Class is entitled to a class-wide injunction barring Defendant from offering to customers any Agreements that contain the aforesaid illegal provisions in its contract.

e.    Whether the Class is entitled to equitable relief requiring Defendant to notify the Class of the true enforceable terms of their agreement, by specifically identifying the types of claims that consumers are entitled to bring against Defendant. (i.e. personal injury claims arising from Defendant's gross negligence, recklessness, or intentional conduct; survival claims for heirs, assigns, and children; and negligence claims for injuries suffered in non-exercise activities).

6

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual Class members are significant, the amount is modest compared to the expense and burden of individual litigation. A class action will cause an orderly and expeditious administration of the claims of the Class and Subclass and will foster economies of time, effort and expense.

29.     The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

30.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class and Subclass would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

31.     Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT ONE

### VIOLATIONS OF THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT, *N.J.S.A.* 56:12-14, *et seq.* ("TCCWNA") (As to Plaintiff and the Class)

7

33.   Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

34.   The Membership Agreements that Plaintiff and members of the Class entered into were consumer contracts and consumer notices subject to the TCCWNA at *N.J.S.A.* 56:12-15.

35.   The TCCWNA at *N.J.S.A.* 56:12-15 prohibits sellers, creditors and lenders from offering or entering into consumer contracts, or giving or displaying consumer notices that contain any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

36.   The TCCWNA was designed to prevent merchants from imposing on New Jersey consumers contract provisions whose mere inclusion in a consumer contract would violate the rights of consumers or the and deceive them into thinking such illegal provisions were valid, and thereby, they would not even try to enforce their rights:

> Far too many consumer contracts, warranties, notices and signs, contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce their rights.

*See* Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980).

37.   Plaintiff and members of the Class are "consumers" and/or "aggrieved consumers" under the TCCWNA.

38.   Defendant was and is a "seller, creditor and/or lender" under the TCCWNA.

8

39.    The TCCWNA also provides that no consumer contract provisions in New Jersey can waive consumers' rights under the TCCWNA and that any such provision shall be "null and void." *N.J.S.A.* 56:12-16.

40.    The TCCWNA provides that no consumer contract can state that "any of its provisions is or may be void, unenforceable or inapplicable in some jurisdiction without specifying which provisions are or are not void, unenforceable or inapplicable with the State of New Jersey." *Ibid.*

41.    The TCCWNA provides that "[t]he right, remedies and prohibitions" provided by these consumer protection acts "are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law of statutes of this State and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition." *N.J.S.A.* 56:12-18.

42.    The Membership Agreements offered by Defendant to consumers and entered into by Plaintiff and the members of the Class contain a provision which violates TCCWNA by disclaiming liability for personal injuries suffered by consumers in non-exercise related activities as a result of Defendant's own negligence.

43.    The Membership Agreements offered by Defendant to consumers and entered into by Plaintiff and members of the Class contain a provision which violates TCCWNA by disclaiming liability for personal injuries suffered by consumers using "exercise equipment, tanning, massage beds/chairs, and participation in...exercise programs or use of other services, equipment and/or programs"  as a result of Defendant's gross negligence, recklessness or intentional conduct.

9

44.     The Membership Agreements offered by Defendant to consumers and entered into by Plaintiff and members of the Class contain a provision which violates TCCWNA by purporting to waive the rights of consumers' spouses or domestic partners, guests, unborn children, heirs and/or relatives to bring claims for damages arising out of Defendant's negligence.

45.     As a result of all of Defendant's violations set forth in this cause of action, Plaintiff and members of the Class are aggrieved consumers and have been damaged.

46.     Plaintiff and members of the Class are entitled to statutory damages of not less than $100 for each violation of TCCWNA, plus actual damages, attorneys' fees, and costs pursuant to *N.J.S.A.* 56:12-17.

## COUNT TWO

### DECLARATORY/INJUNCTIVE RELIEF
### (As to Plaintiff and the Class)

47.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

48.     Plaintiff and members of the Class are entitled to a declaratory judgment and/or injunctive relief in the form of an Order:

a.      Declaring that Defendant is estopped from asserting the "Release of Liability Provision" as a defense in lawsuits brought against it for losses or injury resulting from the negligence, omissions, recklessness, gross negligence and/or intentional conduct of Defendant;

b.      Prohibiting Defendant from offering or issuing membership agreements containing illegal provisions, in the manner described herein;

c.      Requiring Defendant to provide notice to all Class members that the aforesaid provision contained in the Membership Agreements are void and unenforceable and that Class members who signed such forms may still sue Defendants in court and recover for losses or injury resulting from the negligence, omissions, recklessness, gross negligence and/or intentional conduct of Defendant;

10

**WHEREFORE**, Plaintiff, Marie Gagliardi, on behalf of herself and others similarly situated, demands judgment for Plaintiff and members of the Class against the Defendant for:

    a. Certification of this matter as a class action pursuant to Rule 4:32b)(2) and/or (b)(3);

    b. For an order appointing the named Plaintiff, Marie Gagliardi, as class representative and appointing the attorneys of Locks Law Firm, LLC and Charles N. Riley of the Law Offices Of Charles N. Riley, LLC as class counsel;

    c. For injunctive relief prohibiting Defendant from future violations of the TCCWNA, as set forth herein;

    d. For a declaratory judgment that the Defendant violated the TCCWNA;

    e. For actual damages;

    f. For maximum statutory damages under the TCCWNA, pursuant to *N.J.S.A.* 56:12-17;

    g. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to *N.J.S.A.* 56:12-17, and all other applicable statutes;

    h. For pre-judgment and post-judgment interest; and

    i. For such other and further relief as Plaintiff and all others similarly situated may be entitled or as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq. is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and *N.J.S.A.* 56:8-1 et. seq.

1.     I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration except Kauffman v. Planet

11

Fitness, Camden County, Docket # 3936-15 whereby summary judgment was entered on behalf of plaintiffs and a class certified involving an earlier, but not identical, version of defendant's Membership Agreement.

    2.  To my knowledge, no other action or arbitration procedure is contemplated.

    3.  I have no knowledge at this time of the names of any other parties who should be joined in this action.

    4.  I have forwarded a copy of this Complaint to the Attorney General of the State of New Jersey and Burlington County Office of Consumer Affairs pursuant to *N.J.S.A.* 56:8-1, *et seq.*

**LOCKS LAW FIRM, LLC**

Dated: <u>December 7, 2017</u>

Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
James A. Barry, Esquire
801 N. Kings Highway
Cherry Hill, NJ 08034
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorneys for Plaintiffs and the putative Class*

12

## DEMAND FOR DOCUMENTS

PLEASE TAKE NOTICE that the plaintiffs request defendant(s) to produce the following below documents and/or items within thirty (30) days from service hereof, in accordance with the Rules of Civil Procedure.  Said documents or items are to be produced at the offices of Michael A. Galpern, Esq..

These requests for Production of Documents are continuing and any documents secured subsequent to the production of those requested herein which would have been contained in the initial response to this request for Production of Documents are to be supplied by Supplemental Production of Documents which would be served upon plaintiff's attorney immediately after same are brought to the attention or come within the  control or possession of you or your counsel, insurance companies, or your agents, servants, workmen and/or employees.

1.  Copies of each and every contract with **a release of liability indemnification assumption of risk clause** which is identical or substantially similar to the MEMBERSHIP AGREEMENT, attached hereto as Exhibit "A", offered, marketed and/or issued by defendant New England Fitness South d/b/a Planet Fitness (hereafter "Planet Fitness") for the period January 1, 2015   until the present to Planet Fitness members in New Jersey.

2.  Copies of all form contracts offered, marketed and/or issued by defendant Planet Fitness for the period January 1, 2015 until the present to Planet Fitness members wherein the Planet Fitness contract contains a provision requiring the member to agree that Planet Fitness is not liable for omissions or negligence.

3.  Copies of all form contracts offered, marketed and/or issued by defendant Planet Fitness for the period January 1, 2015 until the present to Planet Fitness members.

4.  Copies of the complete file held by defendant or its agents regarding the membership agreement for Marie Gagliardi.

5.  Copies of all lawsuits for personal injuries filed against either defendant by any person identified in response to Requests #1 - #3 above.

6.  A copy of all documents evidencing the names and addresses of any person identified in response to Requests #1 - #3 above.

13

7.   Copies of all documents evidencing a business relationship between defendant and any other Planet Fitness health club in New Jersey.

8.   Copies of all documents filed by defendant or its agents with the State of New Jersey since January 1, 2015 regarding its business/corporate status.

9.   If any shareholder or partner of defendant is a corporation or LLC, provide copies of all documents filed by such entities with the State of New Jersey since January 1, 2014 regarding its business/corporate status.

10.   Copies of all documents or correspondence filed by defendant or its agents with the State of New Jersey Division of Consumers Affairs since January 1, 2014 regarding its business of offering health club services to NJ residents.

11.   Copies of all documents or correspondence filed by defendant or its agents with the State of New Jersey Division of Consumers Affairs since January 1, 2014 regarding compliance with the New Jersey Health Club Services Act.

12.   Copies of all documents filed by defendant or its agents evidencing communications with the NJ Attorney General and/or the State of New Jersey Division of Consumers Affairs since January 1, 2014 regarding its business of offering health club services and/or health club services contracts to NJ residents.

13.   Copies of all policy, training or procedure manuals or documents for defendant's employees regarding selling a health service contract to NJ members.

14.   Copies of all policy, training or procedure manuals or documents for defendant's employees regarding completing a health service contract or cancelling a provision of such contract to NJ members.

15.   Copies of all policy, training or procedure manuals or documents for defendant's employees regarding selling a health service contract to NJ members.

16.   Any and all documents, notes, memoranda, correspondence, or other writings that relate to your version of the facts alleged in the present matter.

17.   Any and all documents referenced in your answers to interrogatories.

18.   Any and all documents that you used, consulted, reviewed or in any way referred to in the preparation of your answers to interrogatories.

19.   Any and all documents upon which you will rely at the time of trial.

20.   Any and all documents upon which your expert will rely at the time of trial.

21.   Copies of any and all textual material upon which any expert shall rely.

LOCKS LAW FIRM LLC   *ATTORNEYS AT LAW*
801 North Kings Highway Cherry Hill, NJ 08034

22.   Any and all reports you have received from proposed and/or retained expert witnesses in this matter, including experts who have been consulted in preparation for litigation, but whom you do not intend to call as an expert witness at the time of trial.

23.   Any and all materials utilized by or relied upon by any retained or proposed expert witness in the preparation of any oral or written expert report.

24.   Any and all correspondence between you and any proposed and/or retained expert witness, including experts who have been consulted in preparation for litigation, but whom you do not intend to call as an expert witness at the time of trial.

25.   Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

26.   Any and all documents supplied to and/or generated by anyone that you contacted with regard to serving as an expert witness including experts who have been consulted in preparation for litigation, but whom you do not intend to call as an expert witness at the time of trial.

27.   Any and all statements taken from parties to the within litigation, agents of parties to the within litigation or third parties that relate in any way to the instant litigation, whether written by the declarant or transcribed from any recorded conversation.

28.   Any and all statements, notes, memoranda, correspondence, or other writings that detail or otherwise relate to any potential witness' version of the facts alleged in the present matter.

29.   Any and all documents containing the name(s) of individual(s) you have contacted or are contemplating contacting as potential witnesses for this litigation.

30.   Any and all investigation reports, interview notes, memoranda or any writings or recordings that you have requested, prepared, solicited or sought with regard to this lawsuit.

31.   Any and all documents that relate to any discussions, meetings or conversations between any of the parties to this litigation.

32.   Any and all written agreements or contracts executed between any of the parties to this litigation.

33.   Any and all notes, memoranda, correspondence or other writings in your possession that describe any oral agreements between any of the parties to this litigation.

15

34.  Any and all notes, memoranda, correspondence, or other writings exchanged between you and any of the parties to this litigation.

35.  Any and all correspondence that you received from the Plaintiffs in the instant litigation.

36.  Any and all written complaints that you have received from the Plaintiffs in the instant litigation.

37.  Any and all documents prepared in response to the Plaintiffs' complaints.

38.  Any and all notes made contemporaneous with the Plaintiffs' complaints, or at anytime thereafter.

39.  Any and all documents, including but not limited to reports, generated by you in response to the Plaintiffs' complaints.

40.  Any and all pleadings for any litigation, arbitration or administrative matter, instituted either by private plaintiffs or the Attorney General of the State of New Jersey since January 1, 2015, wherein it has been alleged that you have been in violation of New Jersey's Truth in Consumer Contract Notice and Warranty Act.

41.  All electronic/computer records stored on computers or other electronic devices concerning the subject matter of plaintiff's complaint and the contract between plaintiff and defendant.

42.  Copies of all documents which you may subpoena from any person or entity in this case.

43.  Copies of any insurance policies for defendant's liability in this matter.

44.  Copies of any insurance company's reservation of rights letter for insurance policies for defendant's liability in this matter.

**LOCKS LAW FIRM, LLC**

Dated: December  7, 2017

Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
James A. Barry, Esquire
801 N. Kings Highway
Cherry Hill, NJ 08034
(856) 663-8200

16

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorneys for Plaintiffs and the putative Class*

17



**1341 S. Fairview St. • Delran, NJ 08075 • HC01967 • PH#(XXX) XXX-XXXX**
www.planetfitness.com

━━━━━━━━━━━━━ MEMBERSHIP AGREEMENT ━━━━━━━━━━━━━

DATE 09/13/2017     Club # 1275 MEMBERSHIP #     1 ▇     EXPIRATION _____

Name  MARIE VOLPE-GAGLIARDI                    T-shirt Size:  XL    Date of Birth ▇

Address ▇                                City  Willingboro          State  NJ  Zip 8046-283

HomePhone ▇                              WorkPhone/Cell ▇

EmailAddress ▇                           Referring Member _____

Membership Type  10NR          How did you hear about us?          Friend

Have you been a member of a gym before? _____  Club Access:  Home Club Access Only

| Membership Fees: | $ 0.25 | $ 0.00 | | $ 0.00 | $ 0.27 |
|---|---|---|---|---|---|
| | START-UP | FIRST MONTH PRORATE | ANNUAL FEE PRORATE | PRE-PAID (TERM) | TOTAL |

- Your Monthly Membership Fee will be billed to the account below on or around the 17th beginning on 09/17/2017 per month and will continue in accordance with this agreement.
- This membership has a  0  month minimum term for a minimum 12 months.
- If you have a minimum monthly term, your account will be billed for 0 months and will continue on a month-to-month basis at the monthly rate above until you cancel in accordance with the terms of this agreement.
- Your Monthly Membership Fee is guaranteed as long as you remain a member in good standing excluding payment of an Annual Membership Fee
- An Annual Membership Fee will be billed to your account below on or around the 1st beginning on 11/01/2017 for $ 41.68 plus applicable taxes and will continue to be billed on or around the anniversary date of the first year thereafter until you cancel in accordance with the terms of this agreement
- To cancel your monthly membership and stop the billing of the Monthly Membership Fee on or around the 17th of the month, the club must receive written notification delivered to the club by the 10th of the month either in person or postal mail via certified mail to the club address. Please note a thirty (30) day membership of billing changes to take effect. In order to cancel your membership prior to the billing of the Annual Membership Fee, the club must receive written notice delivered as described above no later than the 25th of the month before such billing. The Annual Membership Fee is fully earned when paid...
- If your monthly membership has a minimum term, and you wish to cancel your membership before the end of the term for reasons other than violation Section 8 of this agreement, a $58 buy-out fee is required.
- If you provide us with more than one method of payment, you authorize us to charge any amounts you may owe us under any, and on the term, or, membership unless outsources, retail operations, and/or and machine...
- If you cancel a payment which you have provided us valid such time as you may avail you authorization for the amount of payment by written notification delivered to the club in person or personally via...
- If you credit or debit card accounts you advance us in either a new expiration date than the card under are unable to bill you, and in its reasonable only that club in accordance with the terms of this agreement (initials at the top have provided a new expiration date)
- In accordance with applicable law, if a credit attempt to collect any fee under this Agreement is unsuccessful, we may make additional attempts to collect from you(s) payment methods you provide us, for a $10
   cannot be bill be applied for such methods we submit or on current such payment request and is returned unscheduled for any reason and may, but not limited to, insufficient funds, expired or cancelled payment
   (club, overdrafts and closed accounts. We are not liable for any fees charged by your financial institution in the event a payment attempt is incurred or unreasonable...)
- Cancellation & Billing Policies: I have read and understand the cancellation rights and billing policies on the front and back of this agreement. _____ (Member Initials)

| PRIMARY PAYMENT ACCOUNT | ALTERNATIVE PAYMENT ACCOUNT |
|---|---|
| NAME ON ACCOUNT:  Marie Gagliardi | NAME ON ACCOUNT: _____ |
| BANK ACCOUNT #: ▇ | CREDIT CARD #: _____ |
| ROUTING #: ▇ | EXPIRATION DATE: _____ |
| If different than name and home address above: | If different than name and home address above: |
| BILLING NAME: _____ | BILLING NAME: _____ |
| BILLING ADDRESS: _____ | BILLING ADDRESS: _____ |
| CITY: ____ STATE: ____ ZIP CODE: ____ | CITY: ____ STATE: ____ ZIP CODE: ____ |

By checking or signing this agreement, I authorize New England Fitness South Inc., dba Planet Fitness ("Planet Fitness") and each participating duly licensed PF franchise to... (members signature)

☐ Cosigner Authorization & Waiver

☐ Planet/Guardian: Planet Fitness does not accept members under the age of 13. In exchange the Planet Fitness offering my members with a 13 years or older to join a club membership, I agree to the Release of Liability Club Assumption of Risk...

☐ Parent/Guardian I promise to pay any future obligations that the member does not pay for any reason and I acknowledge that the payment authorization provided above correctly specify my accounts. I have agreed...

Name _____  Phone: _____  Authorized Signature _____

━━━━ RELEASE OF LIABILITY, INDEMNIFICATION, ASSUMPTION OF RISK, CLUB RULES, BUYER'S NOTICE & RIGHT TO CANCEL ━━━━

I understand and expressly agree that my use of this Planet Fitness facility and use of any of the facilities... [body text heavily obscured]

_____  09/13/2017    Karen Nelson          09/13/2017
Member's Signature    Date    Planet Fitness Authorized Signature    Date

**NOTICE TO CUSTOMER:**
YOU ARE ENTITLED TO A COPY OF THIS CONTRACT AT THE TIME YOU SIGN IT. YOU MAY CANCEL THIS CONTRACT AT ANY TIME BEFORE MIDNIGHT OF THE THIRD OPERATING DAY AFTER RECEIVING A COPY OF THIS CONTRACT. IF YOU CHOOSE TO CANCEL THIS CONTRACT, YOU MUST EITHER:
1. SEND A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED; OR
2. PERSONALLY DELIVER A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION TO:
PLANET FITNESS - DELRAN, NJ
1341 S. FAIRVIEW ST. • DELRAN, NJ 08075

IF YOU CANCEL THIS CONTRACT WITHIN THE THREE-DAY PERIOD, YOU ARE ENTITLED TO A FULL REFUND OF YOUR MONEY. IF THE THIRD OPERATING DAY FALLS ON A LEGAL HOLIDAY, NOTICE IS TIMELY GIVEN IF IT IS MAILED OR DELIVERED AS SPECIFIED IN THIS NOTICE ON THE NEXT OPERATING DAY. REFUNDS MUST BE MADE WITHIN 30 DAYS OF RECEIPT OF THE CANCELLATION NOTICE TO THE HEALTH CLUB. "OPERATING DAY" MEANS ANY CALENDAR DAY ON WHICH PATRONS MAY INSPECT AND USE THE HEALTH CLUB'S FACILITIES AND SERVICES DURING A PERIOD OF AT LEAST EIGHT HOURS, EXCEPT HOLIDAYS AND SUNDAYS.

# PLEASE READ AND UNDERSTAND THIS AGREEMENT BEFORE SIGNING.

**1. Parties**
New England Fitness South, Inc. d/b/a Planet Fitness ("Planet Fitness") and you agree that by signing this agreement, you are purchasing a membership or services and agree to all the terms contained in this agreement. The terms "you" and "Planet Fitness" include heirs, estates, agents, representatives, officers, directors, shareholders, managers, members, successors, affiliates, parents, subsidiaries and employees. Both parties make this agreement on behalf of, and it binds, all those included persons and entities. It is your responsibility to notify Planet Fitness of any change in your mailing address, billing information or contact information.

**2. Representations**
**A) Physical Condition & No Medical Advice:** You represent that you are in good physical condition and have no medical reason or impairment that might prevent you from your intended use of Planet Fitness' facilities. You acknowledge that Planet Fitness did not give you medical advice before you joined, and cannot give you medical advice after you join. We do not give members advice relating to their physical condition or ability to use the facilities, so if you have any health or medical concerns now or after you join, please discuss them with your doctor before using the facilities.
**B) Liability for Property:** Neither Planet Fitness nor PF Corporate (as previously defined) is liable to you or your guest for any personal property that is damaged, lost, or stolen while on or around Planet Fitness's premises including, but not limited to, a vehicle or its contents or any property left in a locker. If you or your guest cause any damage to Planet Fitness' facilities, you are liable to Planet Fitness for its cost of repair or replacement.
**C) Entire Agreement & Enforcement:** You acknowledge that neither Planet Fitness, nor anyone else, made any representations or promises upon which you relied that are not stated in this agreement. This document contains the entire agreement between you and Planet Fitness and replaces any oral or other written agreement. If a court declares any part of this agreement invalid, it will not invalidate the remaining parts, which continue unaffected. If Planet Fitness does not enforce any right in this agreement for any reason, Planet Fitness does not waive its right to enforce it later. This agreement and all physical or electronic copies hereof will be deemed to be valid and authentic and you intend and agree that such copies will be given the same legal effect as the original signed agreement.

**3. Membership**
**A) General:** Your membership permits you to use Planet Fitness, facilities, equipment and services and your dues are in exchange for such access whether you use the facilities or not. Your membership is subject to all current company policies, rules, terms, conditions and limitations including, but not limited to, PF Black Card® benefit rules, transferability rules, guest privilege rules, and dress code. Your membership gives you no rights in Planet Fitness, PF Corporate, its management, ownership, property or operation. Planet Fitness may assign or transfer your membership in its sole discretion. You have no right to assign or transfer your membership or this agreement. Planet Fitness can assign membership at different rates and terms than yours. Any special promotional membership or rate regarding privileges, usage, hours, benefits or facilities is valid only at your home club, unless otherwise provided by Planet Fitness in a signed writing.
**B) Sign-in Planet Fitness (PF BC/PC):** Planet Fitness may offer pre-scheduled group fitness instruction from time to time. The number of participants in group sessions may be limited. Group sessions will be made available either on an appointment basis or on a "first come, first served" basis. These classes are strictly informational and instructional in nature and not intended as personal training.
**C) PF Black Card Reciprocal Access:** If you purchase a PF Black Card Membership, there are additional rules and limitations governing reciprocal access, including the requirement to sign in at any visiting (non-home club) location. Reciprocal access is limited to 10 visits per month to a visiting location. Additional fees may apply if you exceed 10 visits to the same visiting club in a month. Each time you visit a club outside of the country in which your home club is located, an additional fee may apply.
**D) PF Black Card Planet Privileges and Other Benefits:** PF Black Card members may bring one guest per day for free to any location. All guests must be 18 years old or at least 17 years old if accompanied by a parent/guardian and must sign a guest registry. Adult guests must present photo identification when signing in. The PF Black Card member must accompany the guest and remain on the premises during the entire visit. PF Black Card guests are not entitled to use tanning or any other PF Black Card benefit or amenity. PF Black Card members must be 18 years old to use the tanning facilities. Tanning may be further restricted by your state and/or local laws, ordinances and regulations, which include, among other things, no tanning more often than once in a 24 hour period for example. You agree to abide by all such tanning restrictions.
**E) Transfer of Location:** If you are a monthly member, you can transfer your membership from your home club to another club provided you are current on your monthly dues and have been a member for at least ninety (90) days. Pre-paid memberships are not transferable. A transfer fee may apply.
**F) Membership Freeze:** Your membership can be frozen for verified medical reasons only at time of illness, injury or medical condition. Your freeze will be limited to the time indicated as necessary by your physician, up to a maximum of three (3) months. Your monthly dues will be automatically reinstated at the end of your freeze and billed to the account on file with Planet Fitness unless you cancel your membership or you are approved for a longer freeze. Please note that you will still be billed for your Annual Membership Fee when it is due, even if your account is frozen.
**G) Non-Discrimination:** It is the policy of Planet Fitness not to discriminate against any person on the basis of race, national origin, ancestry, color, creed, religion, sex, sexual orientation, age or disability.
**H) Changes to Membership Agreement:** Planet Fitness may, from time to time, make changes to this agreement, other than to your guaranteed Monthly Membership Fee. Such revisions will be effective immediately, provided, however, such revisions shall, unless otherwise stated, be effective thirty (30) days after notice. Your continued use of Planet Fitness' facilities and/or services shall constitute acceptance of these changes.
**I) Privacy:** Planet Fitness and PF Corporate collect, use and disclose certain personal information of members in accordance with their Privacy Policies, which are available free of charge upon request. The PF Corporate Privacy Policy is available at www.PlanetFitness.com. Please review the Privacy Policy before signing this agreement as it contains important information relating to your personal information. Either may contact you from time to time by telephone, email, text message or other means with information and offers related to your membership which may be of interest to you. If you do not wish to receive such messages, you can opt out at any time.
**J) Dispute Resolution:** In the unlikely event that Planet Fitness and/or PF Corporate is unable to resolve a complaint you may have to your satisfaction (or is unable to resolve a dispute with you after attempting to do so informally), we each agree to resolve such disputes through binding arbitration or small claims court rather than a court of general jurisdiction. For simplicity and fairness, arbitration will be conducted on an individual basis in accordance with the American Arbitration Association's rules for consumer arbitration. By signing this agreement, you acknowledge and agree that you, Planet Fitness, and PF Corporate are

each waiving the right to a trial by jury and the right to participate in a class action, either in court or in arbitration. This Dispute Resolution provision shall apply to this contract unless, within thirty (30) days of signing this contract, you notify Planet Fitness that you reject this provision. Such notification must be made in writing delivered to the club address listed on the first page. Rejection of this provision shall have no effect on the remaining provisions of this contract.

**4. Rules & Regulations**
You agree to follow Planet Fitness' membership policies and club rules. Planet Fitness may, in its sole discretion, modify the policies and club rules without notice at any time. Club rules vary by location and all signs posted in a club or on the premises and any verbal communication from Planet Fitness shall be considered a part of the club rules. Planet Fitness reserves the right, in its sole discretion, to terminate your membership at any time, effective immediately, for violation of any membership policy or club rule.

**5. Dress Code**
Planet Fitness strives to provide a safe and comfortable environment for all members. As such, Planet Fitness management and staff may enforce, and you agree to abide by, a dress code in all areas of the club. Clothing that may be perceived as intimidating, revealing or offensive, as well as clothing that may present a safety hazard or damage equipment, is not allowed.

**6. Account Information Notifications**
Planet Fitness may contact you via telephone, email, text message or other means from time to time for the purpose of notifying you of issues related to your membership or billing information or for automatic payment processing issues. By providing us with your contact information and signing this agreement, you give your prior express written consent to receive membership and billing-related communications from us or our authorized delegate to the extent permitted by applicable law, including without limitation the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act.

**7. Facilities & Services**
**A)** Planet Fitness reserves the right at any time to remove, discontinue, repair or replace the equipment available to members without any effect on this agreement. Planet Fitness also reserves the right to make changes to the type or quantity of equipment, programs or services offered to members and to alter the hours of operation in Planet Fitness' sole discretion. You acknowledge and agree that the equipment, programs and services currently available at the facility are subject to change from time to time and are offered on a "first come, first served" basis.
**B)** Planet Fitness regularly closes its facilities (or portions of its facilities) for maintenance on a temporary basis and also closes on selected holidays, etc. and such temporary closures will have no effect on this agreement so long as such temporary closures are reasonable. If your home club is permanently closed, moved or sold, Planet Fitness reserves the right to assign and transfer your membership to another club within eight (8) miles of your home club, in accordance with your rights under applicable law as set forth in Section 11 below.

**8. Dues, Fees, Charges & Taxes**
**A) Payment Authorization.** You have full control over the payment authorization and can stop it at any time by notifying Planet Fitness as set forth on the front page of this agreement. You are responsible for notifying your bank or credit card company of any error that appears on your statement in a timely manner. You must notify Planet Fitness within sixty (60) days of a claimed error on your statement.
**B) Changes & Taxes:** Planet Fitness has the right to add to your prepaid dues or to your monthly dues any applicable tax imposed by the government as well as any utility charges or surcharges related to the facility.

**Cancellation Rights (Buyer's Rights)**
**9.** You or your estate may also cancel this contract for any of the following reasons:
**10. A)** This contract is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's death or permanent disability. If the permanent disability is fully described and confirmed to the health club by a physician, in a cancellation under this subsection, the health club may retain the portion of the total contract price representing the services used plus reimbursement for expenses incurred in an amount not to exceed 10% of the total contract price.
**11. B)** This contract is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's change of permanent residence to a location more than 25 miles from the health club or an affiliated health club offering the same or similar services and facilities at no additional expense to the buyer, in a cancellation under this subsection, the health club may require proof of the new permanent residence and may retain a prorated share of the total contract price based upon the date the notice was received plus reimbursement for expenses incurred in an amount not to exceed 10% of the total contract price.
**12. C)** If the health club facility is closed for a period longer than 30 days through no fault of the buyer of the health club services contract, the buyer is entitled to either extend the contract for a period equal to that during which the facility is closed or to receive a prorated refund of the amount paid by the buyer under the contract.
**13. D)** If the health club facility is not in existence on the date the contract is executed, the health club services contract shall provide that a buyer of a contract may cancel the contract if the facility is not open for business by 4/1/16 which shall be set forth in the contract and receive a full refund of any deposit or payment on the contract.
**14. E)** This contract shall not obligate the buyer for more than three years (36 months) from the date the contract is signed.
**15. F)** This facility maintains a bond or other security with the director of the Division of Consumer Affairs to protect buyers of these contracts who are damaged or suffer any loss by reason of breach of contract or bankruptcy by the seller. In the event that you suffer any loss by reason of breach of contract or bankruptcy by the seller, please contact: Department of Law and Public Safety, Division of Consumer Affairs, Office of Consumer Protection, Regulated Business Section, P.O. Box 45025, Newark, New Jersey 07101, (973) 504-6370.

**16. Limitation of Liability**
Unless controlling legal authority requires otherwise, any award by an arbitrator or a court is limited to actual compensatory damages. Specifically, neither an arbitrator nor a court can award either party any indirect, special, incidental, consequential or punitive damages, even if one party told the other party that they might suffer those damages.

173 Millbrook Dr.

Willingboro NJ 08046

Planet Fitness

1341 S. Fairview St.

Delran NJ

Dear Sir:

      In accordance with my contract 1275-11573, please be advised that I reject the dispute resolution provision, paragraph 3J).

      Thank you.

                      Marie Volpe-Gagliardi 9/  /17

Acknowledge receipt

_____

Planet Fitness